## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL ACTION |
| v. | ) | |
| | ) | No. 08-20061-01-KHV |
| SEAN EVERETT, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on defendant's letter (Doc. #28) which the Court received on July 23, 2009, and which the Court construes as a motion to reduce sentence. Defendant asks the Court to reduce his statutory mandatory minimum sentence of 60 months in prison because of family circumstances. For reasons stated below, the Court overrules defendant's motion.

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996); 18 U.S.C. § 3582(c). Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1), (2); see Blackwell, 81 F.3d at 947-48. None of these exceptions apply here. Defendant has not cited any statute which authorizes the Court to modify his sentence. Moreover, Rules 35 and 36 of the Federal Rules of Criminal Procedure clearly do not authorize a substantive modification of defendant's sentence at this time. See id.; Fed. R. Civ. P. 35

(authorizes resentencing to correct illegal sentence on remand from court of appeals, to reflect defendant's substantial assistance on motion of the government, and to correct arithmetical, technical or other clear error within seven days of sentencing); Fed. R. Civ. P. 36 (authorizes court to correct clerical-type errors).  Finally, the Court does not have inherent authority to resentence defendant.  See Blackwell, 81 F.3d at 949.  For these reasons, the Court does not have jurisdiction to resentence defendant at this time.

Defendant can arguably seek relief under 28 U.S.C. § 2255.  The Tenth Circuit has cautioned district courts against recharacterizing a motion as a Section 2255 motion without the petitioner's consent because it could trigger a bar on a successive Section 2255 motion.  See United States v. Apodaca, 90 Fed. Appx. 300, 303 (10th Cir. Jan. 30, 2004).  Accordingly, the Court declines to treat defendant's present letter as a motion under Section 2255.  In addition to the procedural obstacles under 28 U.S.C. § 2255, defendant should note that the plea agreement appears to bar any challenge to his sentence including any collateral attack under 28 U.S.C. § 2255.  See Plea Agreement ¶ 11, attached to Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #20) filed January 26, 2009.  Furthermore, the Court lacks authority to depart below the statutory minimum based on financial hardship.  See United States v. A.B., 529 F.3d 1275, 1281 (10th Cir.) (only substantial assistance considerations may support downward departure below mandatory minimum sentence pursuant to Section 3553(e)), cert. denied, 529 F.3d 1275 (2008); United States v. Campbell, 995 F.2d 173, 175 (10th Cir. 1993) (downward departure from statutory minimum sentence for any purpose other than that provided in Section 5K1.1 of the Sentencing Guidelines would violate statute).

**IT IS THEREFORE ORDERED** that defendant's letter (Doc. #28) which the Court received on July 23, 2009, and which the Court construes as a motion to reduce sentence, be and hereby is **OVERRULED**.

Dated this 3rd day of August, 2009, at Kansas City, Kansas.

                                                s/ Kathryn H. Vratil
                                                KATHRYN H. VRATIL
                                                United States District Judge